**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta, et al., | No. CV-18-04959-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| T&M Hardware Incorporated, et al., | |
| Defendants. | |

This is a straightforward Employee Retirement Income Security Act ("ERISA") case. The United States Department of Labor ("DOL") accuses Defendants T&M Hardware Incorporated ("T&M"), T&M Hardware Incorporated Profit-Sharing Plan ("Plan"), and Pamela Mandile-Croteau of failing to make long-overdue distributions to Plan participants. T&M is an Arizona retail hardware company. The Plan is an employee pension benefit plan sponsored and administered by T&M. Mandile-Croteau is the President and owner of T&M and trustee of the Plan with authority and control over the Plan's assets.

The Plan allows participants to receive distributions upon termination of their employment with T&M. Since 2017, at least seven T&M employees have requested post-termination distributions. Morgan Stanley is the Plan's asset custodian, but it can act only at the direction of the Plan's administrator or trustee. Morgan Stanley will not authorize these distributions without direction from Mandile-Croteau who, despite knowing about

these distribution requests, has not approved them.

Following an investigation, the DOL tried unsuccessfully to secure Defendants' cooperation in making these distributions. The DOL filed this lawsuit in December 2018 and Defendants' lack of cooperation continued from there. Mandile-Croteau seemingly attempted to evade service. Defendants then refused to respond to the DOL's written discovery requests or to serve their own initial disclosures. Even after the Court extended Defendants' deadlines for serving initial disclosures and responding to outstanding discovery requests, they failed to do so. Defendants' steadfast refusal to cooperate with discovery led their counsel to twice move to withdraw his representation, citing Defendants' failure to communicate or cooperate and irreconcilable differences (the Court ultimately granted the request). Defendants remain unrepresented to this day.

Defendants have provided no good reason for their obstinance. Instead, Mandile-Croteau has twice asked for an indefinite stay of this matter, submitting under seal notes from her doctors describing various medical conditions. Most recently, Mandile-Croteau filed a notice again citing her medical issues and asserting that Defendants are looking to hire new counsel. This notice, however, was filed in August 2019, and in the many months that have since passed neither Defendants collectively nor Mandile-Croteau specifically have hired new counsel, nor have they taken any other steps to advance this litigation.

The DOL has moved for summary judgment. (Doc. 30.) Defendants characteristically did not respond. Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The DOL's evidence and arguments are unrebutted. Moreover, Defendants' unreasonable refusal to cooperate with the discovery process has two consequences: (1) the DOL's requests for admissions are deemed admitted, Fed. R. Civ. P. 36(a), and (2) the Court will deem the DOL's facts as true, as permitted by Rule 36(c) and (d). Taken together, the DOL has shown that there is no genuine dispute of material fact, and that as a matter of law Defendants breached their duties of loyalty and prudence and failed to

follow Plan documents, 29 U.S.C. §§ 1104(a)(1)(A), (B), (D), and that Mandile-Croteau is liable as a co-fiduciary, § 1105(a). Accordingly,

**IT IS ORDERED** that, for good cause shown, Mandile-Croteau's motions to seal (Doc. 23, 45) are **GRANTED** and the Clerk shall file under seal the documents currently lodged at Docs. 24 and 46. Mandile-Croteau's motions to indefinitely stay this case (Docs. 27, 45) are **DENIED**, however, because she has not shown good cause for such indefinite extensions.

**IT IS FURTHER ORDERED** that, for the reasons articulated by the DOL in its memorandum (Doc. 30-1), the DOL's motion for summary judgment (Doc. 30) is **GRANTED** as follows:

1. Within 15 days of this order, T&M and Mandile-Croteau shall pay the Plan $9,282.11, which constitutes lost-opportunity costs, calculated at the post-judgment interest rate contained in 28 U.S.C. § 1961, for the overdue distributions. Post-judgment interest will continue to accrue pending payment.

2. Effective immediately, Mandile-Croteau is permanently enjoined from serving as a fiduciary or service provider in connection with any ERISA-covered plan.

3. Effective immediately, Metro Benefits, Inc., of 8150 Perry Highway, Suite 311, Pittsburgh, Pennsylvania, 15237, is appointed as the Independent Fiduciary to the Plan. The Independent Fiduciary has sole responsibility for administering the Plan and shall have the following powers, duties and responsibilities:

    A. The Independent Fiduciary shall have full fiduciary authority and all the powers, rights, discretion, and duties of a trustee, fiduciary, and Plan Administrator under ERISA;

    B. The Independent Fiduciary's responsibilities shall include, but shall not be limited to, communication with participants regarding their account disbursement options, collection of any necessary information from those persons or entities in custody of such information including bankruptcy trustees, and calculation of the participants' and beneficiaries' account balances, and shall file

Form 5500;

C. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the Plan's assets for the benefit of the eligible participants and beneficiaries who are entitled to receive such assets, until such time that the Plan's assets are distributed to those participants and beneficiaries;

D. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plan. Further, the Independent Fiduciary shall make distributions to each eligible participant and beneficiary of the Plan;

E. The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including information and records maintained by the Plan's custodial trustee, service providers, and Defendants;

F. T&M and Mandile-Croteau shall fully cooperate with all reasonable requests by the Independent Fiduciary to facilitate the administration, liquidation and/or termination of the Plan. T&M and Mandile-Croteau are specifically ordered to identify all bank accounts containing Plan assets and supply any signatures necessary to transfer the accounts to the Independent Fiduciary;

G. As soon as administratively practicable after appointment, the Independent Fiduciary shall provide for the orderly termination and liquidation of the Plan, including making all distributions and/or rollovers to the participants and beneficiaries;

H. The Independent Fiduciary shall have full authority to amend the Plan as necessary to effectuate its termination and the processing of all participant distributions; and

I. The Independent Fiduciary shall provide to the Secretary of the DOL any and all information he requests concerning the Plan, including but not limited to information concerning the assets remaining in the Plan and the status of

distributions. All information shall be mailed to the Regional Director at this address:

Regional Director Crisanta Johnson

U.S. DOL EBSA Los Angeles Regional Office

35 N. Lake Ave., Suite 300

Pasadena, CA 91101-4110

4. T&M and Mandile-Croteau are ordered to pay the reasonable fees of the Independent Fiduciary. Within 15 days of this order, T&M and Mandile-Croteau shall pay the Independent Fiduciary $3,480.00 to supply the services described in Paragraph 3 above. This payment may not come from Plan assets except as set forth in Paragraph 5 below. Should the Independent Fiduciary require additional payment to complete the functions set forth in Paragraph 3 above, the Independent Fiduciary may request approval for additional payment from T&M and Mandile-Croteau by submitting a fee application supported by a statement of work to this Court. T&M and Mandile-Croteau shall have 10 days to file a motion in this Court objecting to the additional fees. Objections must be supported by a factual showing of good cause.

5. Should Defendants default under their obligation to pay the Independent Fiduciary's fees as set forth in Paragraph 4 above, the Independent Fiduciary may obtain payment from the Plan of no more than $3,480.00 to cover the Independent Fiduciary's reasonable fees. Should the Independent Fiduciary require additional payment to complete the functions set forth in Paragraph 3 above, the Independent Fiduciary may request additional payment from the Plan by submitting a fee application supported by a statement of work to this Court. The Secretary will be afforded 10 days to object. T&M and Mandile-Croteau shall remain liable for these amounts and any amounts subsequently obtained from T&M and Mandile-Croteau in satisfaction of this debt shall be restored to the Plan.

6. Nothing in this order impacts the Secretary's right or ability to assess a civil penalty of 20% on amounts recovered pursuant to 29 U.S.C. § 1132(l) ("Penalty"). Upon assessment, payment of the Penalty shall be made immediately unless T&M and Mandile-

Croteau file a petition for waiver or reduction of the penalty, as provided for in 29 C.F.R. §§ 2570.83-2570.87, and the Secretary agrees to waive or reduce the penalty.

7. The Clerk shall enter judgment accordingly and terminate this case. This Court shall retain jurisdiction to enforce this order and judgment.

Dated this 27th day of March, 2020.

_____
Douglas L. Rayes
United States District Judge